UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 FEB 17 P 12: 47

| | |
|---|---|
| JANE DOE, JR., ppa JANE DOE, SR., et al. | : |
| v. | : Civil No.: 3:03cv571 (SRU) |
| CITY OF WATERBURY, et al. | : February 12, 2004 |

**OBJECTION TO PROPOSED INTERVENOR'S MEMORANDUM
DATED JANUARY 16, 2004, RECEIVED JANUARY 20, 2004**

The plaintiffs respectfully request this Court allow the adoption of all relevant argument and case law analysis contained within co-plaintiff's Response and Objection to Post-Hearing Memorandum of Proposed Intervenor, Darlene Dunbar Commissioner of Child and Families dated January 16, 2004, said response dated January 28, 2004, as if fully set forth herein.

**FACTS:**

At argument before this Court on December 22, 2003, the attorney for Darlene Dunbar requested additional time to brief potential conflicts of interest that may exist concerning the plaintiff's mother (in the instant action), and conflicts of interest concerning plaintiffs' counsel. Additionally, proposed intervenor was allowed to provide the Court with evidence of the experience and qualifications of its attorneys to prosecute a Civil Rights/Personal Injury claims in the United States District Court. By way of her memoranda dated January 16, 2004, proposed intervenor has failed to address either the conflict issue or qualification issue.

**ARGUMENT:**

On December 22, 2003, the attorney for the proposed intervenor alluded to potential conflicts of interest regarding plaintiff's counsel's representation, without factual basis of conflict and/or legal analysis supporting same. This Court allowed the proposed intervenor time to further enlighten it by way of memorandum.

The proposed intervenor did not address the unarticulated conflict issues at all and has waived any such claim. The Court next allowed the proposed intervenor to memorialize what qualifications the State of Connecticut's attorney's would have in trying the instant action. Again, the proposed intervenor failed to provide this Court with any information to support the claim that its attorneys are so qualified.

Undersigned counsel's last case against a municipality in **_Sciongay v. Town of Weston, et al._**, Docket No.: CV-98-0064039-S, resulted in a three (3) million dollar ($3,000,000.00) jury verdict, a waiver of more than three hundred thousand dollars of workers' compensation lien, and no appeal by the defendants. At issue were causation, pre-existing injury and medical treatment, all vigorously defended. No one in the State's arsenal of salaried employee attorneys has the experience to try a Civil Rights/Personal Injury case of this complexity or magnitude. The plaintiffs respectfully submit that this case will not be won by improperly utilizing the holdings from federal and state case law in written motions to the Court.

The proposed intervenor does use her additional time to emphasize how bad a parent the plaintiff and next friend has been in the past. What the proposed intervenor fails to tell the Court is how she and her Department repeatedly failed to investigate and protect the minor plaintiff, when plaintiff's mother was in jail and her daughter assaulted

by Giordano.

The proposed intervenor is not appropriate in this action because her failure to protect both minor children may become an issue at trial. Moreover, the proposed intervenor has proven that her judgment is at issue because she proposes to use the State's own attorneys who have failed to timely respond to Court order; failed to address issues for which additional time was given; failed to institute suit and prosecute its interest in a timely manner; and, who have failed to show their qualifications and experience to properly represent these children in the case at bar.

The proposed intervenor has gratuitously highlighted the Court's concern as to payment of private counsel rather than the "no legal fee" approach. This Court is respectfully requested to consider that it is in the best interest of Jane Doe to have private counsel, as private counsel has taken the matter on a contingency basis and as such, will not get paid unless liability is proven and damages assessed. Plaintiff's counsel has time and treasure in the prosecution of this action. The State's salaried employees have risked and personally sacrificed nothing. They are not the best suited or skilled to represent these minor children. The failure of the proposed intervenor to recognize this fact is proof enough that she is not acting in the best interest of either minor child.

Lastly, the minor child has continuously been brought to see her mother, even though the mother's parental rights have been terminated. While incarcerated, the mother was able to retain attorneys to file notice of suit, commence the underlying action, appear and study all of the Giordano trial, and prosecute this action to date.

The proposed intervenor failed to protect the minor child from Giordano as

required by law, while the mother was incarcerated. The proposed intervenor did not engage counsel to provide notice of intent to sue, file suit, investigate for trial and appear at **all** of the Giordano trial, even though she was not handicapped by incarceration (like plaintiff's mother), while the minor child was in State's custody.

Perhaps the vilification of the incarcerated mother will direct everyone's attention away from the real failures. The plaintiff's mother has shown that even while incarcerated she has helped her daughter prosecute this action more than the State of Connecticut and the proposed intervenor and her organization have done to date.

THE PLAINTIFF
JANE DOE, SR., Ind & PPA Jane Doe, Jr.

By: _____
**MICHAEL S. HILLIS**
DOMBROSKI, KNAPSACK & HILLIS LLC
205 Whitney Avenue
New Haven, Connecticut 06511
(203) 624-9096 - phone
(203) 624-1308 - facsimile
Federal Bar No.: ct11867

## CERTIFICATION

I hereby certify that a copy of the foregoing **OBJECTION TO PROPOSED INTERVENOR'S MEMORANDUM DATED JANUARY 16, 2004, RECEIVED JANUARY 20, 2004** was mailed, postage prepaid, this **12**th day of **FEBRUARY, 2004**, to all counsel of record as follows:

Susan T. Pearlman, Esq.
Attorney General's Office
Child Protection
MacKenzie Hall, 110 Sherman Street
Hartford, CT 06105

Michael W. Mackniak, Esq.
87 Meadow Street
Naugatuck, CT 06770

Gerald Lewis Harmon, Esq.
290 Pratt Street
Meriden, CT 06450

Elliot B. Spector, Esq.
Sack, Spector & Karsten
836 Farmington Avenue
West Hartford, CT 06119-1544

Andrew B. Bowman, Esq.
1804 Post Road East
Westport, CT 06880-5683

_____
**MICHAEL S. HILLIS**