UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(Bridgeport)

FILED

2005 NOV 18  P 4: 19

U.S. DISTRICT COURT
CO...

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
SUSAN ROE, JR. ppa ATTY. LYNN JENKINS,    \*
    GUARDIAN AD LITEM          \*
                                     \*
            V.                     \*
                                     \*
PHILIP GIORDANO & THE CITY OF        \*
WATERBURY, CONNECTICUT          \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

3:03 CV 571 (SRU)

NOVEMBER 17, 2005

### PLAINTIFF'S AFFIDAVIT IN SUPPORT OF HER MOTION FOR DEFAULT JUDGMENT

Comes now, Attorney Erskine D. McIntosh, co-counsel for plaintiff, who being above the age of eighteen, and knowing the obligation of an oath, first duly sworn, deposes and says:

1.      Susan is and was a minor child and resident of the State of Connecticut.

2.      Because Susan is a minor child of twelve years of age, this suit is being prosecuted on Susan's behalf by her undersigned Court appointed Guardian Ad Litem.

3.      Susan was a resident of Waterbury, Connecticut during Philip Giordano's tenure as Mayor for the City of Waterbury, Connecticut (hereafter "the City).

4.      Between November 2000 and July 2001, Mayor Philip Giordano (hereinafter "the Mayor") forced and coerced Susan, then a child of eight years of age, to allow him to put his "privates" in her mouth, on numerous occasions, at various locations throughout the City.

1

5.    Susan testified, under oath, and subject to cross-examination, that the Mayor told her to put his "privates" in her mouth. (Tr. at 1214-16)[1].

6.    Susan testified, under oath, and subject to cross-examination, that her mouth touched the Mayor's "privates" and that the Mayor put his "privates" inside her mouth. (Tr. at 1214-16).

7.    Susan testified, under oath, and subject to cross-examination, that the Mayor touched her "privates" with his hand underneath her underwear. (Tr. at 1216-17).

8.    Susan testified, under oath, and subject to cross-examination, that the Mayor touched her bare chest and reached underneath her clothing to touch between her legs in the area that would be "covered by a bathing suit". (Tr. at 1216-17).

9.    Susan testified, under oath, and subject to cross-examination that, on at least two occasions, she was forced to allow the Mayor to put his "privates" in her mouth and to allow the Mayor to touch her "privates" at the Mayor's personal residence. (Tr. at 1201-04, 1218).

10.    Susan testified, under oath, and subject to cross-examination, that she was forced to allow the Mayor to put his "privates" in her mouth, and to allow the Mayor to touch her "privates", inside the Mayor's car. (Tr. at 1204-05, 1218).

11.    Susan testified, under oath, and subject to cross-examination, that she was forced to allow the Mayor to put his "privates" in her mouth, and to allow the Mayor to touch her "privates", inside The Office of the Mayor. (Tr. at 1205-08, 1218).

12.    Susan testified, under oath, and subject to cross-examination that the co-plaintiff, Jane Doe Jr. (hereafter "Jane"), and herself were forced to take turns, one at a

---

[1]   The reference to (Tr.) in this affidavit relates to the transcript excerpts of the federal criminal trial of U.S.A. v. Phillip Giordano that is in this Court's possession as an addendum to the plaintiff's motion for summary judgment.

time, and together at the same time, allowing the Mayor to put his "privates" in their mouths. (Tr. at 1219-20).

13.     Susan testified, under oath, and subject to cross-examination that Jane and she were forced to allow the Mayor to put his "privates" in each of their mouths inside the Mayor's Office, the Mayor's "house office", the Mayor's car, and the Mayor's home residence. (Tr. at 1219-20).

14.     Jane testified at the federal criminal trial of *U.S. v. Giordano*, under oath, and subject to cross-examination that Susan and she were forced to take turns allowing the Mayor to put his "penis" in each of their mouths, inside the Mayor's law office, until the "white milky stuff came out". (Tr. at 1075-77).

15.     Jane testified, under oath, and subject to cross-examination that Susan was forced to allow the Mayor to put his "penis" in her mouth, inside the Office of the Mayor. (Tr. at 1086-87).

16.     Jane testified, under oath, and subject to cross-examination that Susan was forced to allow the Mayor to put his "penis" in her mouth until the "white stuff came out". (Tr. at 1139).

17.     Jane testified under oath, and subject to cross-examination that she would sometimes leave the room when the Mayor put his "penis" in Susan's mouth because she did not like to see the Mayor hurt Susan. (Tr. at 1139).

18.     Jane testified, under oath, and subject to cross-examination that Susan and she were forced to take turns allowing the Mayor to put his "penis" in each of their mouths inside the Office of the Mayor. (Tr. at 1088-89).

19.     Jane testified, under oath, and subject to cross-examination that Susan was

forced to allow the Mayor to put his "penis" in her mouth at the mayor's personal residence. (Tr. at 1092-93).

20.    Jane testified, under oath, and subject to cross-examination that Susan and she were forced to take turns allowing the Mayor to put his "penis" inside each of their mouths at an "apartment". (Tr. at 1094-95).

21.    The plaintiff, Susan, testified, under oath, and subject to cross-examination, that she was forced to allow the Mayor to put his "privates" in her mouth more than once a week between November 2000 and July 2001. (Tr. at 1198).

22.    Susan testified, under oath, and subject to cross-examination that when she was forced to allow the Mayor to put his "privates" in her mouth inside the "house office" that the carpet in the office entered her eyes and caused her physical discomfort and pain. (Tr. at 1222-23).

23.    Susan testified, under oath, and subject to cross-examination, that she did not tell anyone of the sexual molestation to which she was forced to submit at the Mayor's hands because she feared the Mayor would put her and/or her family members in jail if she told. (Tr. at 1221-22, 1243-44).

24.    On November 14, 2005 this Court granted the plaintiff's motion for default for failure to plead pursuant to FRCP Rule 55 (a).

25.    The plaintiff is now filing a motion for default judgment and therein, requesting that this Court enter a judgment against each defendant, jointly and severally, in the amount of $10,000,000.00, which fairly represents the plaintiff child's damages.

26.  As of today, the plaintiff's have incurred litigation costs in the total amount of $6,562.36 and the plaintiff requests that said amount be added to the judgment plus interest until paid.

27.  At all times advanced in the amended complaint the mayor was acting under the color of state law as the final policymaker for the co-defendant City of Waterbury in the areas in which he deprived the plaintiff of her constitutional rights thereby subjecting both defendants to joint and several liability.

_____
ATTY. ERSKINE D. McINTOSH

STATE OF CONNECTICUT     :
                         :     cc: Hamden
COUNTY OF NEW HAVEN      :

On November 17, 2005, Attorney Erskine D. McIntosh, counsel for Susan Roe Jr., personally appeared before me and swore that the above affidavit was to the best his knowledge truthful and that signing it was his voluntary act.

Susan J. Desivus
NOTARY PUBLIC
My commission Expires: 11/30/07

**CERTIFICATION**

This is to certify that copies of the forgoing Affidavit were mailed to the following on November 17, 2005 as follows:

Gerald L. Harmon, Esquire
The Law Offices Of Gerald L. Harmon
290 Pratt Street
Meriden, Conn. 06450

5

Lynn Jenkins, Esquire
129 York Street, Apt. 8-L
New Haven, CT 06511

Michael Mackniak, Esquire
87 Meadow Street
Naugatuck, CT 06770

Michael S. Hillis, Esquire
Dobriski, Knapsack & Hillis
129 Whitney Avenue
New Haven, CT 06511

Allison Louise Jacobs, Esquire
84 Sherman Avenue
Hamden, CT 06518

Andrew B. Bowen, Esquire
1804 Post Road East
Westport, CT 06880-5683

Elliot B. Spector, Esquire
Susan T. Pearlman, Esquire
Sack, Spector and Karsten
836 Farmington Avenue
West Hartford, CT 06119-1544

ATTY. ERSKINE D. MCINTOSH

19 AFFIDAVIT-JONES DEFAULT JUDGMENT